# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

Susan M. Leming, Esq.
sleming@brownconnery.com

November 20, 2023

**Via ECF**
Honorable Renée Marie Bumb
Chief United States District Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

   Re: **Cathy LaFurge, *et al*., v. TD Bank, N.A.**
      **Civil Action No.: 1:23-cv-03946-RMB-AMD**

Dear Chief Judge Bumb:

  TD Bank respectfully submits the enclosed supplemental authority in further support of its fully briefed motion to dismiss the complaint pursuant to Rule 12(b)(6) (Dkt. 24). TD Bank became aware of the enclosed decision for the first time on November 17, 2023, as a result of an automated Westlaw alert.

  On October 19, 2023, in *King v. Navy Federal Credit Union*, No. 2:23-cv-05915-SPG-AGR, the United States District Court for the Central District of California dismissed a complaint filed by many of the same counsel representing the Plaintiffs here and which also raises breach of contract and UDAP claims concerning the defendant credit union's return fee practices.

  In *King*, the defendant moved to dismiss the complaint on several grounds, including failure to comply with Navy Federal's pre-suit notice provision, which requires a plaintiff to provide notice to the credit union and an opportunity to cure before bringing suit. Order at 4. The court held that "generically pleading" that "Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the Account Agreement"—the same allegation Plaintiffs make in this case—is "conclusory" and "does not suffice to allege the fact of providing notice." *Id.* at 7. As a result, the court granted Navy Federal's motion to dismiss without prejudice, holding that the plaintiff "failed to plead compliance with the notice-and-cure provision." *Id.* at 7-8.

  A copy of the decision is attached as Exhibit A.

November 20, 2023
Page 2

      We thank the Court for its time and attention to this matter.

                Respectfully submitted,

                **BROWN & CONNERY, LLP**

                *s/ Susan M. Leming*

                Susan M. Leming

Enclosure

cc: All counsel of record (via CM/ECF)

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW KING, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NAVY FEDERAL CREDIT UNION and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-05915-SPG (AGRx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 13]** |

Before the Court is Defendant Navy Federal Credit Union's Motion to Dismiss Plaintiff's Complaint. (ECF No. 13). Plaintiff timely opposed the Motion. Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without a hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court hereby GRANTS Defendant's Motion.

# I. BACKGROUND

## A. Factual Background

The following facts are alleged in the Complaint and, for the purposes of ruling on this Motion, are taken as true:

Plaintiff holds a personal checking account with Defendant. (ECF No. 1-2 ("Compl.") ¶ 35). In July 2022, Plaintiff attempted to deposit $38,206.65 into his account. (*Id.* ¶ 36). However, through no fault of Plaintiff's, the attempted deposit failed and Plaintiff was charged a $15.00 Returned Checks, Deposited or Cashed Fee on August 1, 2022. (*Id.* ¶ 37). Plaintiff alleges that Defendant's practice of charging these fees is unfair, deceptive, unlawful, and a breach of their contract. (*Id.* ¶¶ 12–30). Specifically, Plaintiff alleges that account holders like him have no control over whether checks they deposit will clear, nor can they anticipate it. (*Id.* ¶ 14). Plaintiff alleges that Defendant's policy of charging the $15.00 fee is particularly unfair when the deposit is merely attempted and no money was ever made available in an account because, in such instances, Defendant never incurred a loss. (*Id.* ¶¶ 19–20). Plaintiff likewise states that Defendant's choice of name for the fee, "Returned Checks, Deposited or Cashed Fee," implies that the fee will only be assessed if funds are actually wrongfully disbursed. (*Id.* ¶ 20).

Plaintiff attaches to his Complaint, and thereby incorporates, the Account Agreement he entered into with Defendant. (*Id.* at 20). This Agreement states that Defendant reserves the right to "accept or reject any check presented" and to "revoke any settlement with respect to a check accepted by us, and to charge back to your account the amount of the check based on the return of the check or a receipt of notice of non-payment of the check, or claim a refund for such credit." (*Id.* at 26). The Agreement also states that "[f]ees and charges that may be assessed are disclosed on Navy Federal's current *Schedule of Fees and Charges*." (*Id.* at 22) (emphasis original). Plaintiff attaches the Schedule of Fees and Charges to her Complaint as well. (*Id.* at 31). It states that the fee for "Returned checks, deposited or cashed" will be $15.00. (*Id.*).

### B. Procedural History

Plaintiff filed this putative class action in the Superior Court for the County of Los Angeles on June 21, 2023. (ECF No 1-2). On July 21, 2023, Defendant removed the action to this Court on the basis of CAFA diversity jurisdiction. (ECF No. 1 at 4). On August 28, 2023, defendant filed the instant Motion to Dismiss. (ECF No. 13 ("Mot.")). Plaintiff timely opposed and Defendant timely replied. (ECF No. 16 ("Opp.")); (ECF No. 17 ("Reply")).

## II. LEGAL STANDARD

### A. Dismissal Under 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). When resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

When ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal is affirmed only if it appears beyond doubt that [the] plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *City of Almaty v. Khrapunov*, 956 F.3d 1129, 1131 (9th Cir. 2020) (internal citation and quotation marks omitted). However, the Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citing *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

### III. DISCUSSION

Defendant brings the instant Motion on various grounds, including that Plaintiff's breach of contract claim is inadequately alleged, that Plaintiff's UCL claim is preempted or otherwise barred by the Account Agreement's choice-of-law provision, and that Plaintiff's request for punitive damages or attorney's fees should be dismissed. *See generally* (Mot.). However, Defendant also raises a preliminary argument, which the Court finds should be addressed as a threshold matter: whether Plaintiff's claims, as currently alleged, are barred by failure to abide by the Account Agreement's "notice-and-cure" provision.

Plaintiff's Complaint, as currently pled, contains no allegations regarding whether he provided notice to Defendant of the alleged failures that have led to this lawsuit. The only potentially similar allegation states that "[p]laintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the Account Agreement." (Compl. ¶ 57). However, Plaintiff's Complaint does incorporate the Account Agreement by appending it as an Exhibit to the Complaint. (*Id.* at 20). It is undisputed that the Agreement includes a "notice-and-cure" provision which states:

> "Neither Member nor Navy Federal may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's action pursuant to this Agreement or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Agreement, until such party has notified the other party of such alleged breach and afforded the other party a reasonable period after the giving of such notice to take the corrective action."

(*Id.* at 25). Therefore, the Court will, before addressing the sufficiency of Plaintiff's Complaint, determine whether Plaintiff has failed to plead compliance with this provision such that dismissal of his Complaint is appropriate.

Failure to plead compliance with a notice-and-cure provision of a contract will serve as a bar to a claim for breach of contract, where the provision was clearly stated in the contract that was allegedly breached. *See, e.g.*, *Wilde v. Flagstar Bank FSB*, No. 18cv1370-LAB (BGS), 2019 WL 1099841, at *3 (S.D. Cal. Mar. 8, 2019) (finding plaintiff's cause of action for breach of contract "necessarily falls within the scope of the notice-and-cure provision because it directly relates to Flagstar's performance under the contract"). However, courts within the Ninth Circuit have disagreed regarding whether similar contractual notice-and-cure provisions apply to claims under the UCL or other statutes. Some courts have found that where the statutory claims arise out of actions taken pursuant to the contract that contains the notice-and-cure provision, a plaintiff must plead compliance with the provision. *See Giotta v. Ocwen Financial Corp.*, No. 15-cv-00620-BLF, 2016 WL 4447150, at *4–5 (N.D. Cal. Aug. 24, 2016), *aff'd*, *Giotta v. Ocwen Loan Servicing, LLC*, 706 F. App'x 421, 422 (9th Cir. 2017); *see also Wilde*, 2019 WL 1099841, at *3 (S.D. Cal. Mar. 8, 2019) (finding requirement to comply with notice-and-cure provision applied to claim under UCL where the contract "specifically sp[oke] to the issue governed by the statute"). Indeed, in *Giotta*, the Ninth Circuit, in an unpublished, and

therefore persuasive,[1] opinion, affirmed a Northern District of California order granting a motion to dismiss where a plaintiff had failed to allege compliance with a contractual notice-and-cure provision. *Giotta v. Ocwen Loan Servicing, LLC*, 706 F. App'x 421, 422 (9th Cir. 2017) (holding that suit, including statutory causes of action, constituted a judicial action that arose from the other party's actions pursuant to the contract containing the notice-and-cure provision because the conduct being challenged was done pursuant to the contract). On the other hand, several district courts in the Ninth Circuit have found the opposite, declining to apply contractual notice-and-cure provisions to statutory claims that relate to duties independent of the contract. *See e.g.*, *Kivett v. Flagstar Bank*, 333 F.R.D. 500, 504 (N.D. Cal. 2019) (finding notice-and-cure provision was irrelevant to claim under Section 2953.8(a)) (overturned on other grounds *Kivett v. Flagstar Bank, FSB*, 2022 WL 1553266 (9th Cir. May 17, 2022)); *see also McShannock v. JP Morgan Chase Bank N.A.*, 354 F. Supp. 3d 1063, 1072 (N.D. Cal. 2018) (finding same).

The Court finds that, at least as applied to the Complaint at issue in this action, the reasoning of *Giotta* is persuasive. The notice-and-cure provision of the Agreement between the parties here makes clear that it applies both to actions for breach of contract and to any action "that arises from the other party's action pursuant to this Agreement." (Compl. at 25). Plaintiff's UCL cause of action is based on both the allegedly misleading language of the Agreement itself and Defendant's alleged reliance on the Agreement to assess fees that Plaintiff now alleges violate the UCL. This cause of action, therefore, expressly "arises from" Defendant's action pursuant to the Agreement. Thus, as in *Giotta*, this Court finds that the notice-and-cure provision applies both to Plaintiff's cause of action for breach of contract and Plaintiff's UCL cause of action.

Perhaps recognizing this, Plaintiff focuses his opposition on the argument that granting the Motion to Dismiss based on failure to comply with the notice-and-cure

---

[1] Unpublished decisions issued on or after January 1, 2007 may be cited "as persuasive authority pursuant to Ninth Circuit R. 36-3(b)." *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1189 n.14 (C.D. Cal. 2013).

provision would be premature. (Opp. at 26–28). In support of this position, Plaintiff argues first that he sufficiently pled compliance with the provision by generically pleading that "Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the Account Agreement." (*Id.* at 26–27). However, this is a conclusory allegation, and does not suffice to allege the fact of providing notice. Plaintiff next argues that he did attempt to provide notice by attempting to obtain a refund of the fee. (*Id.* at 27). However, this attempt at a refund is not alleged in the Complaint and Plaintiff may not amend his allegations through facts raised in opposition to a motion to dismiss. *See A.C.C.S. v. Nielsen*, No. CV 18-10759-DMG (MRWx), 2019 WL 7841860, at *7 (C.D. Cal. Sept. 17, 2019) (describing principle that a plaintiff may not amend the complaint through statements made in an opposition brief as "well-settled") (citing *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008)). Should Plaintiff wish to amend the Complaint to allege that he provided notice, he may certainly do so.[2] Finally, Plaintiff argues that the notice-and-cure provision should be deemed futile. However, in support of this argument, Plaintiff argues that discovery will show the provision's futility.[3] (Opp. at 28). And yet, no such discovery has been done given the early stage of this action. Therefore, the Court finds that determining potential futility of the notice-and-cure provision on the instant motion would be premature. This is particularly true because the Complaint, as already highlighted, is devoid of any allegations of provision of notice.[4] Therefore, the Court finds that because Plaintiff has failed to plead

---

[2] The Court will refrain from analyzing whether a refund request qualifies as sufficient notice until the issue is squarely before it and the parties have had an appropriate opportunity to address it.

[3] Plaintiff also points to a Northern District of California case that determined a notice-and-cure provision was futile. (Opp. at 27). However, the court in that case made such a determination on a Motion for Class Certification, after discovery had already progressed. *Kivett v. Flagstar Bank*, 333 F.R.D. 500, 504 (N.D. Cal. 2019)

[4] Plaintiff makes one further argument that he need not plead compliance because the notice-and-cure provision should only be raised on an affirmative defense. However, as

compliance with the notice-and-cure provision, the Motion to Dismiss should be granted. However, the Court is mindful that leave to amend should be freely granted and therefore will allow Plaintiff an attempt to amend his Complaint.[5]

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss, with leave to amend. Plaintiff shall file a First Amended Complaint, if any, within fourteen (14) calendar days of the issuance of this Order. If Plaintiff does not file an amended complaint within this time, the Court will dismiss the case, without prejudice.

IT IS SO ORDERED.

DATED: October 19, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

already described, courts within this Circuit have found that the provision of notice should be pled in the Complaint in the first instance.

[5] Because the Court finds, as a threshold matter, that the Complaint fails to plead compliance with the notice-and-cure provision, the Court will not address the further arguments raised by Defendant at this time.